UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

3001 CHURCH AVENUE LLC, and
WESCO INSURANCE COMPANY,

        Plaintiffs,    **COMPLAINT**

v.               Case No. _____

STARR INDEMNITY AND LIABILITY COMPANY,

        Defendants.
_____

   The Plaintiffs, 3001 CHURCH AVENUE LLC, and WESCO INSURANCE COMPANY (collectively referred to as "Plaintiffs"), by and through their attorneys, HURWITZ FINE P.C., for their Complaint against Defendant, STARR INDEMNITY AND LIABILITY COMPANY, allege, upon information and belief, as follows:

## PARTIES

   1.  At all times hereinafter mentioned, Plaintiff, 3001 CHURCH AVENUE LLC ("3001 Church Avenue") was a limited liability company organized under the laws of and having its principal place of business in the State of New York.

   2.  At all times hereinafter mentioned, Plaintiff, WESCO INSURANCE COMPANY ("Wesco") was an insurance company organized under the laws of the State of Delaware with its principal place of business in the State of Ohio, and was authorized to issue policies of insurance in the State of New York.

   3.  At all times hereinafter mentioned, Defendant, STARR INDEMNITY AND LIABILITY COMPANY ("Starr Indemnity") was a foreign insurance company organized under the laws of the State of Texas with its principal place of business in the State of New York. Upon

1

information and belief, Starr Indemnity was and still is authorized to issue policies of insurance in the State of New York.

**JURISDICTION AND VENUE**

4.  This Court has personal jurisdiction over Starr Indemnity because this action concerns the availability of insurance coverage under a policy of insurance it issued within the State of New York.

5.  This Court has subject matter jurisdiction over the instant action on the basis of diversity under 28 U.S.C. § 1332(a)(1) because the amount in controversy herein exceeds $75,000, and this action arises between domiciliaries of different states.

6.  Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because the acts and/or omissions giving rise to the instant action occurred in the State of New York, County of Kings.

**FACTUAL BACKGROUND**

7.  This action arises out of an underlying lawsuit captioned *Edgar Paredes and Anjeanette Paredes v. BK Tobacco Shop Corp., BK Tobacco Shop, 3001 Church Avenue LLC, M.C. O'Brien Service Corp., Oadi Alsaede and Hafedh Alsaedi*, bearing Index Number 515929/2019, currently pending in New York State Supreme Court, County of Kings (the "Underlying Action").

8.  The Underlying Action alleges that, on December 31, 2017, Edgar Paredes ("Mr. Paredes") slipped and fell at the premises located at 1451 Nostrand Avenue, Brooklyn, New York (the "Premises"), and sustained injuries as a result (the "Accident").

9.  The Underlying Action asserts a cause of action on behalf of Mr. Paredes against all defendants therein, seeking recovery for his injuries.

10. The Underlying Action also asserts a cause of action on behalf of Anjeanette Paredes, Mr. Paredes' wife ("Mrs. Paredes), against all defendants therein for loss of consortium and companionship as a result of the injuries allegedly suffered by her husband, Mr. Paredes.

11. Subsequently, 3001 Church Avenue commenced a third-party action against Oadi and Hafedh Alsaedi (the "Alsaedis"), alleging that the Alsaedis were obligated under a lease agreement to defend, indemnify, procure commercial general liability insurance coverage and name 3001 Church Avenue as an additional insured thereon.

## TRADE CONTRACTS AND TENDERS

12. 3001 Church Avenue entered into a lease agreement with the Alsaedis, dated November 25, 2014, which leased to the Alsaedis a portion of the ground floor of the Premises to operate a grocery store and newsstand to sell tobacco, candy, beer, and lottery tickets (the "Lease Agreement").

13. Upon information and belief, upon effecting the Lease Agreement, the Alsaedi's began operating BK Tobacco Shop Corp. ("BK Tobacco Shop") at the Premises.

14. The Lease Agreement was in full force and effect on the date of the Accident.

15. The Lease Agreement requires the Alsaedis to maintain commercial general liability insurance as to their leased portion of the Premises, and to name 3001 Church Avenue as an additional insured thereon:

> 42. Tenant's Insurance (a) Tenant, at Tenant's sole cost and expense, shall obtain and keep in full force and effect insurance against loss or damage by fire and other casualty to Tenant's Property and to all Alterations to the Premises under then available standard forms of "all-risk" insurance policies, in an amount equal to one hundred percent (100%) of the replacement value thereof, with such commercially reasonable deductible(s) as may be determined by Tenant in its reasonable discretion.
>
> **(b)(i) Tenant, at Tenant's sole cost and expense, shall obtain and maintain in full force and effect throughout the Term a**

3

> **commercial general liability insurance policy insuring Tenant and naming Landlord and, at Landlord's request, any managing agent(s) of Landlord as additional insured(s) or co-insured, against any liability for bodily injury, death, or property damage occurring on or about the Premises**, with limits of liability of not less than $1,000,000 with respect to bodily injury and property damage arising from any one occurrence and $3,000,000 from the aggregate of all occurrences within each policy year. Such policy shall include a provision that such aggregate limit shall apply separately at the Premises. Tenant shall provide Landlord with evidence that all such insurance policies have the coverage provided herein and Tenant shall provide Landlord with an endorsement from the insurance company providing the insurance indicating that Landlord and any managing Agent(s) have been named as additional insured(s) covered by such policies.

16. The Lease Agreement lists 3001 Church Avenue as "Owner," and the Alsaedis as "Tenant."

17. Accordingly, the Lease Agreement requires the Alsaedis, the "tenants," to maintain commercial general liability insurance that insures against bodily injury that occurs on the Premises, and to name 3001 Church Avenue, the "owner," as an additional insured thereon.

18. Indeed, the Alsaedis, under the name of BK Tobacco Shop Corp., maintained a commercial general liability policy of insurance with defendant Starr Indemnity, bearing policy number 1000370789171, and effective dates April 8, 2017, to April 8, 2018 (the "Starr Indemnity Policy").

19. The Starr Indemnity Policy was in full force and effect on the date of the Accident.

20. In accordance with the requirements of the Lease Agreement, the Starr Indemnity Policy, at form BP 04 02 01 06, lists 3001 Church Avenue as an additional insured with respect to liabilities arising out of the ownership and/or use of the Premises:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**ADDITIONAL INSURED – MANAGERS OR LESSORS OR PREMISES**

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

**SCHEDULE**

| |
|---|
| **A. Designation Of Premises (Part Leased To You):** <br> 1451 Nostrand Ave, , Brooklyn, NY 11226-3607 – Smoke Shop |
| **B. Name Of Person Or Organization (Additional Insured):** <br> 3001 Church Avenue LLC |

A. The following is added to Paragraph **C. Who Is An Insured in Section II – Liability:**

3. The person or organization shown in the Schedule is also an insured, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule.

21. In accordance with the provisions of the Lease Agreement, and those of the Starr Policy, 3001 Church Avenue tendered its defense and indemnity in the Underlying Action to BK Tobacco Shop and Starr Indemnity several times between July 2020 and May 2022.

22. To date, Starr Indemnity has wrongfully refused to defend and/or indemnity 3001 Church Avenue in the Underlying Action.

## AS AND FOR A FIRST CAUSE OF ACTION

23. Plaintiffs repeat, reiterate, and reallege the allegations contained in paragraphs "1" through "22" as if more fully set forth herein.

24. As set forth above, the Lease Agreement requires the Alsaedis to maintain commercial general liability insurance for bodily injury occurring on the Premises, and to name 3001 Church Avenue as an additional insured thereon.

25. In accordance with this requirement, the Alsaedis, as the owners of BK Tobacco Shop, maintained the Starr Indemnity Policy with Starr Indemnity.

26. The Starr Indemnity Policy lists 3001 Church Avenue as an additional insured for bodily injury occurring on the Premises.

27. The Underlying Action alleges that Mr. Paredes sustained bodily injury while on the Premises.

28. Accordingly, 3001 Church Avenue is entitled to a declaration that Starr Indemnity is obligated to defend and indemnify it with respect to the Underlying Action, since it seeks damages for bodily injuries allegedly sustained on the Premises.

## AS AND FOR A SECOND CAUSE OF ACTION

29. Plaintiffs repeat, reiterate, and reallege the allegations contained in paragraphs "1" through "28" as if more fully set forth herein.

30. 3001 Church Avenue is listed as an additional insured under the Starr Indemnity Policy pursuant to the terms of the Lease Agreement.

31. 3001 Church Avenue is therefore entitled to coverage under the Starr Indemnity Policy for liabilities arising out of bodily injury that occurs on the Premises.

32. The Underlying Action asserts that 3001 Church Avenue is liable to Mr. Paredes for bodily injuries he allegedly sustained while on the Premises.

33. Accordingly, 3001 Church Avenue is entitled to a defense and indemnification under the Starr Indemnity Policy with respect to the Underlying Action.

34. However, to date, Starr Indemnity has wrongfully refused to accept the defense and indemnification of Starr Indemnity with respect to the Underlying Action.

35. As a result of Starr Indemnity's wrongful refusal to accept the defense and indemnity of 3001 Church Avenue in the Underlying Action, Wesco has been providing 3001 Church Avenue with a defense therein.

36. As a result of Starr Indemnity's wrongful refusal to defend 3001 Church Avenue in the Underlying Action, Wesco has incurred, and continues to incur, defense costs associated with the representation with which it has been and currently is providing 3001 Church Avenue in the Underlying Action.

37. Accordingly, Wesco is entitled to recover said defense costs, together with fees and other disbursements associated with its provision of a defense to 3001 Church Avenue in the Underlying Action.

**WHEREFORE**, the Plaintiffs respectfully request judgment:

(1) Declaring and Adjudging, that Defendant, STARR INDEMNITY AND LIABILITY COMPANY, is required to defend and indemnify Plaintiff 3001 CHURCH AVENUE LLC in the Underlying Action;

(2) Declaring and Adjudging, that Defendant, STARR INDEMNITY AND LIABILITY COMPANY, is required to reimburse the costs incurred by Plaintiff, WESCO INSURANCE COMPANY, in providing Plaintiff 3001 CHURCH AVENUE LLC with a defense in the Underlying Action; and

(3) Granting such other and further relief as this Court may deem just, equitable, and proper.

DATED: January 12, 2023
Buffalo, New York

**HURWITZ FINE P.C.**

_____
Dan D. Kohane, Esq.
*Attorneys for Plaintiffs,*
*3001 CHURCH AVENUE LLC, and*
*WESCO INSURANCE COMPANY*
424 Main Street, Suite 1300
Buffalo, New York 14202
(716) 849-8900
ddk@hurwitzfine.com